**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

HARLIS ANAIN RIVERA SANTOS and
OSCAR MATAMOROS, by and through
their next friend, EMILY CHAFFIN,

Petitioners,

v. CIVIL ACTION NO. 3:26-0551

DAVID VENTURELLA,
Acting Director, United States Immigration and
Customs Enforcement,
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
United States Attorney General,
DAVID KLUEMPER,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**ORDER TO SHOW CAUSE**

Upon consideration of Petitioners' Petition for a Writ of Habeas Corpus (ECF No. 1), **IT IS HEREBY ORDERED** that:

1. Respondents **SHALL** file a written response to **SHOW CAUSE** as to why the Petition should not be granted by **12:00 P.M. on Friday, September 4, 2026**. The response shall

indicate whether Respondents have a good faith basis to assert that they will present arguments in this case that have not previously been considered and rejected by this Court.

2. Petitioners shall have an opportunity to file a reply no later than **Monday, September 7, 2026, at 5:00 P.M.**
3. This matter shall be heard by this Court on **Wednesday, September 9, 2026**, **at 2 P.M.**, if necessary.
4. To the extent Respondents intend to assert that jurisdiction and/or venue in the Southern District of West Virginia is improper in this case, Respondents shall file any such objections within twenty-four hours of entry of this Order. Any objections, too, shall indicate whether Respondents have a good faith basis to assert that they will present arguments pertaining to jurisdiction and/or venue that were not considered and rejected by this Court. Petitioners shall file any reply to any filed objections no later than twenty-four hours following Respondents' filing.
5. Respondents **SHALL NOT** remove or facilitate the removal of Petitioners from the Southern District of West Virginia pending further order of the Court. To the extent Petitioners have already been removed from this jurisdiction, Respondents **SHALL NOT** transport Petitioners to a geographically further location or remove Petitioners from the United States pending further order of the Court.
6. Respondents shall **FORTHWITH** and **IMMEDIATELY** afford Petitioners the opportunity to confidentially consult with counsel, in no event later than **TOMORROW, THURSDAY, SEPTEMBER 3, 2026, AT 12:00 P.M.**, and shall take all necessary steps to facilitate such communication. Respondents shall provide counsel with thirty (30) minutes notice of when these calls will be scheduled. Respondents shall continue to afford

Petitioners the opportunity to confidentially consult with counsel so long as they remain in custody and shall facilitate phone calls by counsel within twenty-four hours of a request, or within four hours for calls designated by counsel in good faith as urgent and time sensitive.

7. Upon receipt of this Order, Respondents shall promptly ensure that all of Petitioners' property seized incident to detention is accounted for and that all such property can be immediately made available to Petitioners in the event they are released. To the extent Petitioners' property has already been removed from this jurisdiction, Respondents shall take all necessary steps to ensure that said property can be immediately made available to Petitioners at the time of release in the event Petitioners are released.

8. Service of this Order shall be made by Petitioners on the United States Attorney for the Southern District of West Virginia by **8:00 P.M., Wednesday, September 2, 2026**, and shall constitute good and sufficient service on Respondents.

ENTER: September 2, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE